■ TOWNHOMES OF MILLBROOKE, INC., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 61930.) — Judgment unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: In 1973 and 1974 claimant purchased three contiguous parcels of land containing 106.612 ± acres and fronting on Webster Road in the Town of Webster. The northern parcel consisted of 45.298 acres and was zoned R-3, single residence, by the 1969 town zoning ordinance. The southern parcels contained 61.314 acres and were zoned RB, multiple family. In 1969 when it established the zoning district, the town established the line on the southern boundary of the proposed appropriation of a right of way for highway purposes that ran diagonally east and west through the properties. In 1975 the State appropriated 21.21 ± acres of land for this right of way and after trial the Court of Claims awarded claimant $270,300 plus interest, for direct damages to the land taken and a house situate on it and for consequential damages to the northern parcel zoned R-3. It found no consequential damages to the southern parcel zoned RB. The State appeals, claiming that the court awarded duplicate direct damages for the land under the house when it

awarded a lump sum for the house and site and then awarded an additional sum for the total land taken. We agree and accordingly modify the award by reducing the sum for direct damages by $2,478, i.e., $6,000 per acre × .413 acres used for the house site. The State also contends that the court's award for consequential damages exceeds the range of evidence since the appraisers for both the State and the claimant found consequential damages of $2,200 per acre to the R-3 land although they used different before and after values. The court found consequential damages of $2,800. Its finding was based upon the evidence of before and after values given by the two appraisers after it adjusted them, and its award of consequential damages is supported by the evidence even though it found a per acre value which exceeded that found by both appraisers. (See *Stockdale v State of New York,* 55 NY2d 788.) Claimant on its cross appeal contends that the court erred in failing to find a reasonable probability of rezoning of the RB parcel for townhouse construction and, therefore, improperly valued the land. The error, if such there was, was harmless since no RB land was appropriated. Nor do we find claimant is entitled to compensation because the town established the zoning district line on the southern margin of the proposed right of way in 1969, thereby removing 11 acres from what claimant claims should have been an RB zone and placing it in an R-3 zone. Claimant's evidence did not establish that these 11 acres should properly have been in an RB district; but even if it had, it was within the town's power to establish the line along the boundary of the proposed appropriation (see *Rochester Business Inst. v City of Rochester,* 25 AD2d 97); and since claimant's purchase of the land was subsequent to the zoning and made with knowledge of it, claimant can hardly complain now that the town's action depressed the value of the land to its detriment. (Appeals from judgment of Court of Claims, Quigley, J. — appropriation.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.